MEMORANDUM **
Edward Williams Cutter, II (“Edward”), the debtor, and John F. Cutter (“John”), as guardian ad litem for Trip Cutter (“Trip”), Edward’s son, appeal from the opinion of the Bankruptcy Appellate Panel (“BAP”) affirming the Bankruptcy Court’s determination that certain real property located on Thurston Circle, Los Angeles, was conveyed to Edward rather than Trip and therefore is within the bankruptcy estate. David Seror, the Chapter 7 Trustee, cross-appeals from the BAP’s affirmance of the Bankruptcy Court’s determination that Trip has a one-third interest in certain property located on Whipple Street in North Hollywood. We affirm the Bankruptcy Court.[1]
In Weisman v. Peters (In re Weisman), 5 F.3d 417, 421 (9th Cir.1993), we stated that “[wjhether the circumstances are sufficient to require inquiry as to another’s interest in property for the purposes of [California Civil Code] section 19 is a question of fact, even where there is no dispute over the historical facts,” thus invoking a clear error standard of review. In Murray v. Bammer (In re Bammer), 131 F.3d 788, 791-92 (9th Cir.1997) (en banc), we reiterated that the Bankruptcy Court’s determination of historical facts are reviewed for clear error, but held that mixed questions concerning the selection of the applicable legal rules and the application of the facts to those rules are reviewed de novo.
1. Edward and John assert that the Bankruptcy Court failed to give proper weight to the Declaration of John J. Erma-tinger, which sets forth his intent to name Trip as a grantee of the Thurston Circle property. The record shows that the Bankruptcy Court properly considered Er-matinger’s declaration, but reasonably determined that the property was conveyed to Edward based on a number of relevant factors. The court noted that the name on the title was “Edward W. Cutter, a Single Man” which coincides with Edward’s name and marital status. In addition, the court considered that: (a) Trip was a minor, (b) the California Uniform Transfer to Minors Act was not used to attempt to convey an interest to Trip, (c) Edward financed the purchase of the property, and (d) Edward treated the Thurston property as his own. *618 Edward and John have not shown that the Bankruptcy Court erred in determining that the Thurston Circle property was conveyed to Edward.
2. Seror, the Chapter 7 Trastee, cross-appeals alleging that the Bankruptcy Court erred in awarding a one-third interest in the Whipple property to Trip. Specifically, the Trustee argues that the use of the language “Edward Williams Cutter, Fils” did not place him on inquiry notice and that in any event, an inquiry would not have revealed that Trip was the owner of a one-third interest.[2] We agree with the BAP that the evidence before the Bankruptcy Court presented “two plausible interpretations of the facts, and its choice between them cannot be clearly erroneous.” In re Cutter, 2010 WL 6467694, at *16 (B.A.P. 9th Cir.2010) (unpublished) (citing Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). Seror has not demonstrated that the Bankruptcy Court erred in determining that Trip has a one-third interest in the Whipple property.
As neither appellants nor cross-appellee have shown that the Bankruptcy Court erred in its rulings, its Judgment After Trial, filed and entered on October 30, 2009, is affirmed.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

. Seror's request for judicial notice is granted.